(No. 4011 

VERNON OIL COMPANY, AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 18, 1947.*

CARL E. STILWELL, for Claimant;

GEORGE F. BARRETT, Attorney General;

C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant, Vernon Oil Company, an Illinois corporation, filed its complaint on March 3, 1947 to recover the sum of $7,396.15, which sum it alleges was overpaid to the State for motor fuel tax owed to the State for the

period from January 1, 1938 through July 1944. The complaint further alleges that in the latter part of the year 1944 the State audited the books of claimant for the purpose of checking the motor fuel tax owed to the State for the period from January 1, 1938 through July 1944, and that said audit showed claimant had overpaid the motor fuel tax by the said sum of $7,396.15.

The respondent filed a motion to dismiss the complaint for the reason that the claim is barred by the statute of limitations contained in Chapter 37, Section 439.22, Illinois Revised Statutes 1945. This section is commonly referred to as Section 22 of the Court of Claims Act, which went into effect on July 1, 1945, and reads:

"Every claim cognizable by the court and not otherwise sooner barred by law shall be forever barred from prosecution therein unless it is filed with the clerk of the court within two years after it first accrues, saving to infants, idiots, lunatics, insane persons, and persons under other disability at the time the claim accrues two years from the time the disability ceases."

The complaint, on its face, shows that the cause of action arose over two years prior to March 3, 1947, the date complaint was filed. In the case of Illinois Oil Company v. State, No. 3976, opinion in which was filed at this term of Court, we discussed this question at length. We held in this case that said Section 22 operates as a limitation on the jurisdiction of this Court, and that claim must be filed within two years from the time the cause of action accrued.

The motion of respondent is granted, and the case is hereby dismissed.